FILED
May 13, 2019
02:40 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Shelia Linsey | ) Docket No. 2017-08-1276 |
| | ) |
| v. | ) State File No. 26106-2016 |
| | ) |
| Acadia Healthcare Company, d/b/a | ) |
| Delta Medical Center-Memphis, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

**Reversed and Remanded – Filed May 13, 2019**

---

This is the second interlocutory appeal in this case. Following a physical assault upon the employee in the workplace, the employer voluntarily provided medical care to the employee for shoulder and back injuries. More than one year after the date the employer made its last payment for medical treatment for the injuries, the employee filed a petition requesting medical care for a mental injury she alleged arose out of the same workplace assault. The employer filed a motion for summary judgment contending the employee's petition was untimely. The trial court denied the motion, determining the employee demonstrated disputed issues of material fact. We vacated the trial court's order and remanded the case for additional findings. On remand, the trial court again denied the employer's motion, concluding that, although the employee admitted she failed to file her petition within one year of the employer's last payment of compensation, she established there were genuine issues of material fact concerning whether she had a reasonable excuse for that failure. The employer has again appealed. We conclude the employee failed to establish material facts creating a genuine dispute as to whether she timely filed her petition in accordance with Tennessee Code Annotated section 50-6-203(b)(2) (2018). Accordingly, we reverse the trial court's order and remand the case for the trial court to enter an order granting a partial summary judgment dismissing the employee's claim for benefits for her alleged mental injury.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Marcia Dawn McShane, Nashville, Tennessee, for the employer-appellant, Acadia Healthcare Company, d/b/a Delta Medical Center-Memphis

Emily Bragg, Memphis, Tennessee, for the employee-appellee, Shelia Linsey

**Factual and Procedural Background**

We set out the factual and procedural background as follows in the first appeal:

Shelia Linsey ("Employee") worked as a secretary for Acadia Healthcare Company ("Employer") in a hospital that provides medical and psychiatric services in the Memphis area. On April 4, 2016, a patient attacked her, causing injuries to her back and shoulder. Employer provided authorized treatment with Dr. Robert Lonergan, an orthopedic surgeon. Employee's last visit with Dr. Lonergan was on October 13, 2016, and he placed Employee at maximum medical improvement on that date. Employer issued its last voluntary payment on the claim on November 16, 2016, and provided no further benefits after that date.

Shortly after she was attacked, Employee requested treatment for an alleged mental injury resulting from the altercation with the patient. Employer provided a panel of mental health care providers from which Employee selected Dr. Jack Morgan on May 6, 2016. However, on September 20, 2016, she was informed that Dr. Morgan declined to accept her as a patient. Dr. Lonergan indicated on a questionnaire dated December 19, 2016 that he believed Employee needed psychiatric care as a result of the April 2016 attack.

On November 20, 2017, more than one year after Employer made its last voluntary payment, Employee filed a petition seeking benefits for her alleged mental injury. Employer filed a motion for summary judgment, asserting it was entitled to judgment as a matter of law because Employee's claim was barred by the one-year statute of limitations found in Tennessee Code Annotated section 50-6-203. Employer supported its motion with the affidavit of its workers' compensation manager, Sharon Doggette, and its statement of undisputed facts relied heavily on Ms. Doggette's affidavit. According to the affidavit, Employee requested treatment on May 6, 2016 for a mental injury caused by the April 2016 work incident, and Employer provided a panel from which Employee chose Dr. Morgan. The affidavit further indicates that Employer disputed the compensability of the alleged mental injury, and that Employer made its last payment on the claim on November 16, 2016.

Employee, in responding to Employer's statement of undisputed facts, did not dispute that Employer's last voluntary payment on her claim occurred on November 16, 2016, or that her petition was filed more than one year

2

after that date. Nor did she dispute that she requested care for her alleged mental injury or that, on May 6, 2016, she selected Dr. Morgan from a panel provided by Employer. Although Employee did not dispute experiencing "psychologic[al] symptoms" immediately following the attack, she did dispute that she knew or reasonably should have known her need for treatment was related to the work incident until December 19, 2016, when Dr. Lonergan indicated there was a causal connection. Moreover, Employee argued that she detrimentally relied on Employer's assurances that it would provide mental health benefits once she provided certain information Employer had requested. Thus, Employee argued that the discovery rule tolled the statute of limitations or, in the alternative, that Employer should be estopped from asserting a statute of limitations defense.

At the hearing on the motion for summary judgment, Employer asserted that the facts regarding when Employee learned she had suffered a mental injury offered by Employee in her response to Employer's motion were inconsistent with the history she provided to her medical providers. Employer also asserted that Employee failed to identify any misrepresentations it allegedly made to her or the manner in which she relied upon those misrepresentations in not timely filing her claim.

The trial court concluded there were disputed issues of material fact and denied Employer's motion for summary judgment. In doing so, the court referenced the principle of equitable estoppel and noted that: (1) Employee chose Dr. Morgan from the panel of mental health experts Employer provided in May 2016; (2) despite the efforts of Employee and Employer's "assurances," Employee did not receive mental health treatment; and (3) "while [Employee] dealt with mental issues, Dr. Lonergan released her at MMI but delayed his impairment opinion until January 2018."

*Linsey v. Acadia Healthcare Co.*, No. 2017-08-1276, 2019 TN Wrk. Comp. App. Bd. LEXIS 7, at *1-5 (Tenn. Workers' Comp. App. Bd. Feb. 19, 2019) (footnotes omitted).

Employer appealed the trial court's denial of its motion for summary judgment. We vacated the trial court's order and remanded the case for the trial court to make additional findings supporting its decision in accordance with Rule 56.04 of the Tennessee Rules of Civil Procedure. *Id.* at *12.

On remand, the trial court again determined that, in its motion for summary judgment, Employer established that Employee filed her petition for benefits more than one year after its last voluntary payment on the claim, thereby shifting the burden to Employee to show she had a reasonable excuse for failing to file her petition within one

3

year of Employer's last payment. Employee identified two bases for asserting her petition was timely: the doctrine of equitable estoppel and the discovery rule. Addressing those assertions, the trial court first concluded that Employee did not establish any misrepresentation or concealment of facts by Employer that would support application of the equitable estoppel doctrine.

Turning to the discovery rule, the trial court noted Employee's affidavit testimony that "she did not know her mental condition [was] causally related to her work accident until after Dr. Lonergan provided his opinion on December 21, 2016," which was less than one year prior to the filing of Employee's petition on November 20, 2017. Acknowledging that she had requested a panel of physicians to evaluate her mental condition in May 2016, the court stated Employee "testified by affidavit that she thought the purpose of the request was to evaluate whether her symptoms were causally linked to her work injury." The trial court concluded these statements were inconsistent with statements in the records of a clinical psychologist with whom Employee treated, noting that those records stated Employee "consistently reported that she believed her emotional and mental health symptoms were directly related to and caused by the work incident." The court also noted that the psychologist's records stated Employee "never said anything to . . . suggest she had any uncertainty in her belief that her mental health symptoms were related to the work incident." Concluding the discrepancy in Employee's affidavit testimony and the records of the psychologist established disputed issues of material fact concerning when Employee knew or should have known her mental complaints related to her work injury, the court again denied Employer's motion. Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

## Analysis

Initially, we conclude that, based upon Employer's representations to the trial court during the hearing of its motion for summary judgment, Employer was requesting a *partial* summary judgment dismissing Employee's request for benefits for her alleged mental injury. Employee's November 20, 2017 petition sought the assistance of the Bureau of Workers' Compensation ("Bureau") with her request for medical care for her alleged mental injury resulting from the April 4, 2016 assault. A dispute certification

4

notice subsequently issued by the Bureau's mediator identified disputed issues concerning medical, temporary, and permanent disability benefits, but did not indicate whether the disputed issues were limited to the alleged mental injury. At the hearing of Employer's motion, the trial court stated that it appeared from the dispute certification notice that the "issue deals with a mental problem, a mental issue related to this," and the court questioned Employer's counsel as to whether there was "any dispute regarding the physical injur[ies]." Stating that the physical injuries were accepted as compensable and that medical benefits were paid with regard to those injuries, counsel added that the parties had not conducted any discovery regarding whether Employer's acceptance of the alleged physical injuries was appropriate, and that she "[didn't] believe that that is the subject of the summary judgment." Accordingly, while we must, of necessity, consider all injuries alleged to have resulted from the workplace assault and the payments of compensation to or on behalf of Employee as a result thereof, we conclude Employer's motion was a motion for partial summary judgment asserting the untimeliness of Employee's petition for benefits for her alleged mental injury.

A motion for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* The burden is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. *Id.* at 84. In reviewing a trial judge's decision on a motion for summary judgment, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999). We are not to weigh the evidence when evaluating a motion for summary judgment. *See Martin*, 271 S.W.3d at 87.

When considering a motion for summary judgment where the moving party does not bear the burden of proof at trial, the moving party may make the required showing under Rule 56 and shift the burden of production to the nonmoving party either "(1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264; *see also* Tenn. Code Ann. § 20-16-101 (2018).

Tennessee Code Annotated section 50-6-203(b)(2) provides the limitations period for filing petitions for benefit determinations where, as here, an employer has voluntarily paid workers' compensation benefits:

In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

Tenn. Code Ann. § 50-6-203(b)(2).

Employer established in its statement of undisputed facts and the affidavit submitted in support thereof that it provided medical care for the physical injuries Employee alleged were related to the workplace assault. It further established that the last authorized treatment for Employee's injuries occurred when Employee returned to Dr. Lonergan on October 13, 2016; that Employer paid for the October visit to Dr. Lonergan on November 16, 2016; that Employer did not make further payments; and that Employee filed her petition for benefits more than one year later on November 20, 2017. These properly supported statements of fact were sufficient to shift the burden to Employee to establish disputed issues of material fact precluding the entry of a judgment in favor of Employer as a matter of law.

In response to Employer's motion, rather than contest Employer's assertions concerning the date of her last authorized treatment or the date Employer ceased to make payments of compensation, Employee invoked the discovery rule. She asserted she suffered a mental injury as a result of the assault and did not know, nor could she reasonably have known, that she suffered a work-related mental injury until Dr. Lonergan, the physician authorized to treat her physical injuries, opined that she needed the care of a mental health professional.[1]

The discovery rule provides that the statute of limitations "is suspended until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." *Norton Co. v. Coffin*, 553 S.W.2d 751, 752 (Tenn. 1977). Addressing section 50-6-203(b)(1) as it existed prior to the 2013 Reform Act, the Tennessee Supreme Court stated that "the limitations period for workers' compensation cases pursuant to Tennessee Code Annotated section 50-6-203(b)(1) does not commence until a plaintiff discovers, or in the exercise of reasonable diligence, should have discovered[,] that he has a claim." *Gerdau Ameristeel, Inc. v. Ratliff*, 368 S.W.3d 503, 508 (Tenn. 2012).

---

[1] Employee also argued in the trial court that the doctrine of equitable estoppel should prevent Employer from relying on the one-year limitations period due to alleged delays on the part of Employer in seeking and obtaining Employee's medical records. However, the trial court determined that Employee failed to establish the elements of equitable estoppel, and Employee has not appealed that determination. Thus, we do not address whether the principle of equitable estoppel is applicable in this case.

Where, as in the present case, an employer has voluntarily paid benefits, section 50-6-203(b)(2) provides that the limitations period runs from the latter of the date of the last authorized treatment or the time the employer ceased making payments. Employee asserted she suffered injuries as a result of a physical assault in the course of her work, and she acknowledged that Employer voluntarily paid benefits as a result of those injuries. She does not contest Employer's statement that her petition was filed more than one year after Employer ceased making payments. We conclude the determinative issue in this appeal, then, is whether the discovery rule excuses Employee's failure to file her petition seeking medical benefits for an alleged mental injury within one year of Employer's last payment. Citing *Oliver v. State*, 762 S.W.2d 562 (Tenn. 1988), Employee asserts that Tennessee courts "have generally held that if the reason(s) and/or excuse(s) are determined to be reasonable, the claim for benefits may be allowed even though more than one year had passed since the date of injury or payment of benefits."

In *Oliver*, the Supreme Court determined that the statute of limitations did not begin to run until the employee "learned he had a permanent anatomical change and impairment," which was almost twenty years after the employee last worked for the employer. *Id.* at 565. We note, however, that at the time of the employee's injury in *Oliver*, Tennessee Code Annotated section 50-6-116 declared the workers' compensation laws to be remedial statutes that "shall be given an equitable construction." Tenn. Code Ann. § 50-6-116 (1965). Furthermore, the injury in *Oliver* occurred prior to the 1985 amendments to the Workers' Compensation Act, one of which replaced the material evidence standard of review with *de novo* review of the record on appeal. *Id.* at 564. Thus, the Supreme Court's review in *Oliver* was "limited to a determination of whether there is any material evidence in the record to support the [trial court's] findings, not where the preponderance of the evidence lies." *Id.* Nonetheless, *Oliver* has been cited as authority supporting the discovery rule subsequent to the adoption of the *de novo* standard of review. *See, e.g.*, *Cowan v. Knox Cty.*, No. E2015-00405-SC-R3-WC, 2016 Tenn. LEXIS 121 (Tenn. Workers' Comp. Panel Feb. 24, 2016).

In *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648 (Tenn. Workers' Comp. Panel Sept. 28, 2016), the employee suffered a cervical injury, and the employer provided medical and temporary partial disability benefits for a period of time due to the employee's injury. More than one year after the employer ceased making payments, the employee requested additional medical care, which the employer denied on the basis of the one-year statute of limitations provided in section 50-6-203(b)(2). The employer filed a motion for summary judgment based on the running of the statute of limitations. The employee contended the statute did not begin to run because she was never declared to be at maximum medical improvement. Following the trial court's denial of the employer's motion, the Panel reversed the trial court, stating that section 50-6-203(b) "makes no reference to maximum medical improvement." *Id.* at *9. The employee argued the discovery rule applied as announced in earlier cases, but the Panel disagreed:

7

Those decisions are not relevant to the case before us. Here, Employee was well aware of her claim. She reported the injury to Employer within a few days of the incident; she requested and received medical treatment through workers' compensation; she received temporary partial disability benefits for three months; her treating physician diagnosed a herniated cervical disc; and he discussed potential surgery with her. Employee's assertion that the one-year limitation was tolled until she reached maximum medical improvement is incorrect.

*Id.* at *9-10 (citations omitted).

By comparison to the instant case, and as Employee concedes in her brief, "Employee sustained two broken vertebrae and a right rotator cuff tear as a result of the attack. Employer provided authorized medical treatment for Employee's right shoulder and back injuries with Robert P. Longeran, M.D." Employee does not contend she was unaware she had suffered a compensable claim; rather, she states in her affidavit that she "did not know that [her] mental health complaints/symptoms . . . were primarily caused by [her] April 4, 2016 workplace incident." She further states that she "did not have reason to know that [her] mental health complaints/symptoms . . . were primarily caused by [her] April 4, 2016 workplace incident." Importantly, she does not assert that she was unaware she had suffered a compensable injury as a result of the workplace assault, or that she was unaware she had a workers' compensation claim. Employee knew soon after the assault that she had a compensable claim, and she received authorized medical care for her injuries. In fact, she was unable to return to work after the assault due to her physical injuries, stating in her affidavit that she experienced feelings of shame and guilt after the accident "because [she] was not physically able to go back to work and participate in [her] normal activities, such as attending church, due to [her] physical limitations."

We believe this case is more akin to *Lyles v. Titlemax of Tenn., In*c., No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520 (Tenn. Workers' Comp. Panel Sept. 14, 2018). In that case, an armed robbery occurred on May 19, 2010, "during which the offender brandished a handgun at Employee." *Id.* at *1. The employee immediately began experiencing symptoms of post-traumatic stress disorder ("PTSD") and was diagnosed with PTSD less than two months after the incident. However, she failed to file her request for a benefit review conference with the Department of Labor until September 16, 2011. The Panel stated that "unless the statute of limitations was tolled, the Employee's claim was time-barred." *Id.* at *6. The employee relied on *Oliver*, asserting that, while she knew that she suffered an injury due to the robbery, she did not know that the injury she sustained was permanent until she received a letter from her doctor in 2012. The Panel was not persuaded, stating:

However, unlike the employees in *Oliver* and *Cowan*, Employee continuously experienced PTSD symptoms resulting from the armed robbery. She did not initially believe that her symptoms had resolved only to learn later that her injury was permanent. By Employee's own admission, she stopped attending treatments with her employer-provided counselor because she "hoped she would be okay" even though she was still experiencing the same symptoms. It is irrelevant that no one mentioned to her the permanency of her condition because she was, in fact, still suffering from the injury.

It is undisputed that Employee knew she had an injury from the first time she visited the counselor . . . and that the counselor diagnosed her with PTSD no later than July 13, 2010. Therefore, we conclude that the statute of limitations was not tolled and that Employee's workers' compensation claim became time-barred when she failed to file a request for Benefit Conference Review [sic] within one year of July 13, 2010, the date of her last treatment with the employer-provided counselor.

*Id.* at *9-10.

Here, regardless of when Employee became aware that *particular* injuries diagnosed subsequent to the assault were causally related to the assault, she knew she had an injury from the time of the assault, she requested and received medical care, and she acknowledged she sustained two broken vertebrae and a right rotator cuff tear as a result of the attack. She acknowledged in her October 2018 affidavit that she "was not physically able to go back to work and participate in [her] normal activities due to [her] physical limitations." Moreover, she believed she was suffering from mental conditions due to the incident and requested care for such conditions soon after the assault. According to her psychologist, she "consistently reported that she believed her emotional and mental health symptoms were directly related to and caused by the work incident." Indeed, her psychologist diagnosed her with PTSD the same month in which the assault occurred. Therefore, we conclude Employee's statute of limitations was not tolled as to her alleged mental injury and that her November 20, 2017 petition was untimely. Thus, the trial court erred in denying Employer's motion.

**Conclusion**

For the foregoing reasons, we hold that the trial court erred in denying Employer's motion for partial summary judgment. The trial court's order is reversed and the case is remanded for entry of an order granting partial summary judgment with respect to Employee's claim for a work-related mental injury.

9



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Shelia Linsey | ) Docket No. 2017-08-1276 |
| | ) |
| v. | ) State File No. 26106-2016 |
| | ) |
| Acadia Healthcare Company, | ) |
| d/b/a Delta Medical Center-Memphis, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of May, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Emily Bragg | | | | | X | ebragg@forthepeople.com |
| Marcia McShane | | | | | X | mmcshane@constangy.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

*Jeanette Baird*

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov